UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JAMES E. HUFF, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
|       v. | )     CAUSE NO. 1:06-CV-180 |
| | ) |
| UGI CORPORATION, | ) |
| d/b/a AMERIGAS and | ) |
| AMERIGAS PARTNERS LP; | ) |
| JERRY KESSLER; | ) |
| JAMES KLOSOWSKI, | ) |
| | ) |
|    Defendants. | ) |

## OPINION AND ORDER

### I.  INTRODUCTION

This matter is before the Court on the Motion for Judgment on the Pleadings (Docket #

15) filed on May 26, 2006, by Defendants UGI Corporation, Jerry Kessler, and James

Klosowski.  Plaintiff James E. Huff filed a response in opposition to the motion on June 19, 2006

(Docket # 20),[1] and Defendants filed a reply on June 30, 2006 (Docket # 23).  For the reasons

discussed in this Order, Defendants' Motion for Judgment on the Pleadings will be GRANTED

in part and DENIED in part.

### II.  FACTUAL AND PROCEDURAL BACKGROUND

Huff contends that his employer, UGI, is liable under Title VII of the Civil Rights Act of

---

[1] Huff requested a motion for an extension of time to file his response, which the Court granted. (*See* Docket # 18, 19.)

1964, 42 U.S.C. § 2000e *et seq.*, for same-sex sexual harassment he allegedly experienced during

his employment at UGI and that his supervisors Kessler and Klosowski should be liable because

they failed to stop it. (*See* Compl ¶¶ 6, 8-10, 13.)  As a result of the alleged harassment, Huff

filed a Charge of Discrimination with the Equal Employment Opportunity Commission

("EEOC"), which ultimately sent him and his attorney a Notice of Suit Rights dated December

19, 2005. (Answer to Compl. & Affirmative Defenses Ex. 2.)

On March 31, 2006, Huff filed his Complaint in the Circuit Court of Noble County,

Indiana, claiming under the penalty of perjury, 28 U.S.C. § 1746,[2] that he received his copy of

the Notice of Suit Rights "on or about January 3, 2006."[3] (Docket # 1.)  Defendants removed the

action to this Court on April 28, 2006. (Docket # 2.)

On May 26, 2006, Defendants filed the instant motion (Docket # 15), contending that (1)

Huff's Complaint was filed seven days too late since he is presumed to have received the Notice

of Suit Rights no later than five days after the EEOC mailed it; and (2) Kessler and Klosowski

should be dismissed from the action because no individual liability attaches to supervisors under

Title VII.

---

[2] Huff's Complaint does not comply with the requirements of an unsworn declaration under 28 U.S.C. § 1746, because the "to the best of my knowledge" formulation is insufficient. *America's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992).  Similarly, the purported notary jurat is also insufficient as it does not reflect that Huff was actually sworn when he signed the Complaint. (Compl. at 3-4.)  None of these deficiencies are an impediment, however, because Title VII complaints, unlike the initial Charge of Discrimination, do not need to be verified. *See, e.g.*, *Pearsall v. Child Advocacy Comm'n of Lower Cape Fear, Inc.*, No. 7:98CV200-BR, 2000 WL 33682693, at *4 (E.D.N.C. Feb. 15, 2000).

[3] Huff now seems to contend that he received the Notice of Suit Rights on January 11, 2006, and that his *attorney* received it on January 3, 2006. (*See* Mem. in Supp. of Pl.'s Resp. to Mot. for J. on the Pleadings at 2.)  As will be discussed *infra*, this distinction does not change the outcome here.

### III.  STANDARD OF REVIEW

A motion for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil

Procedure is subject to the same standard as a motion to dismiss under Rule 12. *Craigs, Inc. v.*

*Gen. Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993) (citing *Thomason v. Nachtrieb*, 888

F.2d 1202, 1204 (7th Cir. 1989)).  Therefore, viewing all of the facts in a light most favorable to

the non-moving party, the district court may only grant the motion if it is beyond doubt that the

non-movant can plead no facts that would support his claim for relief. *U.S. v. Wood*, 925 F.2d

1580, 1581 (7th Cir. 1991).  The district court may not look beyond the pleadings, and all

uncontested allegations are to be taken as true. *Id.*

### IV.  DISCUSSION

A.  <u>Huff's Complaint is not time-barred</u>.

An employment discrimination claim must be brought within ninety days after the

plaintiff or his attorney actually received a notice of right to sue from the EEOC. 42 U.S.C. §

2000e-5(f)(1); *Houston v. Sidley & Austin*, 185 F.3d 837, 838-39 (7th Cir. 1999).  If the plaintiff

and his attorney receive a right to sue letter on different dates, the start of the ninety-day period

is determined by the earlier date of receipt. *Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850

(7th Cir. 2001).

Nonetheless, Defendants rely on Seventh Circuit case law that recognizes a presumption

that letters are received five days from the mailing date. *See*, *e.g.*, *Loyd v. Sullivan*, 882 F.2d 218,

218 (7th Cir. 1989); *Washington v. Foresman*, 148 F.R.D. 241, 244 (N.D. Ind. 1993).  Thus, as

their argument goes, Huff is presumed to have received the Notice of Suit Rights from the EEOC

on December 24, 2005 – that is, five days after the date on the Notice (December 19, 2005)

applied by the EEOC.  The presumption, however, has proven to be a weak one, because it

largely evaporates if the actual date of receipt is "proven otherwise." *Loyd*, 882 F.2d at 218.

Stated another way, the presumption has been declared "a useful abstract fiction when the Court

has no other facts to rely upon." *Saunders v. Am. Warehousing Servs., Inc.*, No. 02 C 7650, 2003

WL 21266652, at *2 n.1 (N.D. Ill. May 30, 2003).

The problem with Defendants' argument is that the Court has evidence rebutting the

presumption; Huff's Complaint recites January 3, 2006, as the date of receipt, which is not only

sufficient in itself, but certainly plausible given the intervening holidays. *See Scott v. Coca Cola

Enters.*, No. 2:05-CV-41, 2005 WL 1661808 at *4 (N.D. Ind. July 15, 2005).  As noted *supra*, it

also makes no difference if the first recipient was Huff or his lawyer.

Therefore, viewing the facts in the light most favorable to Huff, either Huff or his

attorney, and perhaps both, received the Notice of Suit Rights on January 3, 2006.  In any event,

Huff's Complaint was timely filed eighty-seven days later and thus is not time-barred.

Consequently, the Court must deny the Defendants' 12(c) motion on this basis.

B.  Kessler and Klosowski are not individually liable to Huff under Title VII.

Title VII prohibits employers from discriminating against an individual on the basis of

his sex. 42 U.S.C. § 2000e-2(a)(1).  An "employer" is a "person engaged in an industry affecting

commerce who has fifteen or more employees for each working day in each of twenty or more

calender weeks in the current or preceding year, and any agent of such a person . . . ." 42 U.S.C.

§ 2000e(b).

Consistent with the statute's intent, the Seventh Circuit has limited its reach to only

"employers," and more importantly for our purposes here, has expressly declared that mere

supervisors are not individually liable under the statute. *Williams v. Banning*, 72 F.3d 552, 555

(7th Cir. 1995) (holding that supervisors are not individually liable for sexual harassment);

*EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1279 (7th Cir. 1995) (holding that

"individuals who do not independently meet the ADA's definition of 'employer' cannot be held

liable under the ADA"); *Garner v. Knoll Bros. Quick Marts, Inc.*, 962 F. Supp. 1115, 1122 (N.D.

Ind. 1997) (articulating that a supervisor is not an "employer" under Title VII and therefore is

not amenable to individual suit).

In fact, every federal circuit that has addressed the issue of supervisor liability has come

to the same conclusion. *See*, *e.g.*, *Lissau v. S. Food Serv., Inc.*, 159 F.3d 177, 180 (4th Cir.

1998); *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 403-06 (6th Cir. 1997); *Sheridan v. E.I. DuPont

de Nemours & Co.*, 100 F.3d 1061, 1077-78 (3d Cir. 1996); *Haynes v. Williams*, 88 F.3d 889,

899-901 (10th Cir. 1996); *Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995); *Tomka v. Seiler

Corp.*, 66 F.3d 1295, 1313-16 (2d Cir. 1995), *abrogated on other grounds by Burlington Indus.,

Inc. v. Ellerth*, 524 U.S. 742 (1998); *Grant v. Lone Star Co.*, 21 F.3d 649, 651-52 (5th Cir.

1994); *Miller v. Maxwell's Int'l, Inc.*, 991 F.2d 583, 587-88 (9th Cir. 1993); *Busby v. City of

Orlando*, 931 F.2d 764, 772 (11th Cir. 1991).

We are not sure how Huff expected to avoid this overwhelming authority, but the citation

to *Wyss v. General Dynamics*, 24 F. Supp. 2d 202 (D.R.I. 1998), and his argument suggests the

theory that because supervisors act as agents of the employer they can be individually liable.

Aside from the fact that supervisors *qua* supervisors do not fall within the scope of Title VII to

begin with as noted above, Huff's theory has also been expressly rejected by the Seventh Circuit.

*DeVito v. Chicago Park Dist.*, 83 F.3d 878, 882 (7th Cir. 1996) (stating that the language of Title

VII is intended to impose *respondeat superior* liability on employers for the acts of their agents – not to create liability for every agent of an employer).

Therefore, Huff's supervisors, Kessler and Klosowski, are not "employers" under Title VII as a matter of law and consequently cannot be individually liable.  Accordingly, the claims against them will be dismissed.

## V.  CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings (Docket # 15) is GRANTED with respect to Defendants Kessler and Klosowski, and the Clerk is directed to dismiss with prejudice all claims against them; Defendants' Motion (Docket # 15) is DENIED in all other respects.

SO ORDERED.

Enter for August 16, 2006.

S/William C. Lee
William C. Lee,
United States District Judge

6